Cameron, J.
delivered the judgment of the Court:
An administrator, by accepting the appointment conferred by the law, becomes a trustee for creditors and the next of kin of the intestate. Among the latter, he is bound to distribute the personal estate, after satisfying the claims of the former, out of it.
Entrusted by law with the management of the intestate’s effects, and credited by it as agent for paying debts and distributing the surplus, he is forbidden by principles of just and obvious policy to sell to, and purchase from himself. If the law were otherwise, who would (in such case) fix the price of the article sold between the seller and the buyer, when both characters united in the same person, and he interested on one side only.
The negroes in question are acknowledged by the defendant, as well as stated by the complainants, to have been the property of John D. White the intestate. They constitute a part of the fund out of which his creditors, (if any there be) ought to be satisfied; the defendant could not by a purchase for himself at his own sale, avoid the payment of his intestate’s debts, but would be liable to creditors to the full bona fide value of the property so sold. Nor can he by such purchase, real or pretended (it matters not which) protect himself against the claims of the complainants, but must account in like manner to them, as to creditors.
The decision of this Court must therefore be the same, whether the defendant purchased the negroes in question, upon an express declaration that he was buying them for complainants, as they allege, or for himself by his agent, as he contends.
*450 In either point of view, we hold that he is bound to account for the negroes and to deliver the possession of them to the complainants.
Motion to dismiss the bill overruled, and the cause retained for further proceedings.